# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PHILIP DUPREE,<br><br>Defendant. | Criminal No. 22-275 (CKK) |

## MEMORANDUM OPINION
(April 26, 2024)

Pending before the Court is Defendant Philip Dupree's [35] Motion to Dismiss Count Two of the Indictment, which charges a violation of 18 U.S.C. § 1512(b)(3). Defendant argues that the Indictment should be dismissed for failure to state an offense as there is no federal nexus to support the charge under § 1512(b)(3). *See* Def.'s Mot. at 2–3.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will **DENY** Defendant's [35] Motion to Dismiss.

## I. BACKGROUND

According to the Indictment, Defendant Philip Dupree was a sworn officer of the Fairmount Heights Police Department ("FHPD"), a law enforcement agency in the state of Maryland. Indictment ¶ 1. He had approximately eight years of experience as a law enforcement

---

[1] The Court's consideration has focused on the following documents:
- Indictment, ECF No. 1;
- Defendant's Motion to Dismiss Count Two ("Def.'s Mot."), ECF No. 35;
- Government's Response to Defendant's Motion to Dismiss ("Gov.'s Opp'n"), ECF No. 39;
- Defendant's Reply in Support of Motion to Dismiss ("Def.'s Reply"), ECF No. 42.

1

officer and was trained in and aware of his duty not to use unreasonable or excessive force against arrestees in violation of their Fourth Amendment rights. *Id.* ¶ 2. Beginning on August 3, 2019 and extending into August 4, 2019, Defendant was on duty as a uniformed FHPD officer assigned to vehicular patrol. *Id.* ¶ 3. On August 4, 2019, he conducted a traffic stop and detained an individual referred to as T.S. *Id.* ¶ 4. Defendant allegedly physically assaulted T.S. by using a dangerous weapon—pepper spray—against him without any legitimate law enforcement purpose, resulting in bodily injury to T.S. *Id.* ¶ 6. Later, Defendant allegedly submitted a statement of probable cause, dated August 4, 2019, to a Maryland state commissioner that falsely reported the circumstances surrounding and justifying his use of pepper spray against T.S. *Id.* ¶ 8.

The Indictment charges Defendant Dupree with Count One, Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, and Count Two, Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3). *Id.* ¶¶ 5–8.

Defendant Dupree has rejected a plea offer tendered by the Government, *see* Minute Order, Jan. 18, 2024, and a trial is set to begin on June 3, 2024. Defendant filed the pending [35] Motion to Dismiss Count Two of the Indictment, in which he argues that the Indictment should be dismissed for failure to state an offense as there is no federal nexus to support the Obstruction of Justice charge under 18 U.S.C. § 1512(b)(3). Def.'s Mot. at 2–3. This Motion is now ripe for the Court's consideration.

## II. LEGAL STANDARD

A defendant may move to dismiss an indictment based on "a defect in the indictment," including failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B). When considering a challenge to the indictment, "a district court is limited to reviewing the face of the indictment," and the Court must "presume the allegations [in the] indictment to be true." *United States v. Sunia*,

643 F. Supp. 2d 51, 60 (D.D.C. 2009) (RBW) (internal quotation marks removed); *see also United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015). "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012) (BAH). "[A] pretrial motion to dismiss an indictment allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015) (BAH) (internal citation and quotation marks omitted).

The United States Court of Appeals for the District of Columbia Circuit has explained that "[b]ecause a court's use of its supervisory power to dismiss an indictment… directly encroaches upon the fundamental role of the grand jury, dismissal is granted only in unusual circumstances." *Ballestas*, 795 F.3d at 148 (alterations and quotation omitted).

### III. DISCUSSION

Defendant Dupree moves to dismiss Count Two of the Indictment because, as he argues, "there are no facts [in the Indictment] supporting a federal nexus." Def.'s Mot. at 2. The Government responds that this "misapplies the standard the Court must apply." Gov's Opp'n at 2. The Court agrees that the Defendant may have conflated the requirements for an indictment with the burden of proof that the Government bears at trial. At this stage, the Court does not weigh the facts presented.

However, an Indictment can only survive if if it includes allegations that, if proven, would be sufficient to permit a jury to find that the crime charged was committed, *Sanford Ltd.*, 859 F. Supp. 2d at 107—i.e., that the allegations would satisfy every element of the charged offense. An Indictment must "suppl[y] [the defendant] with the essential facts and elements of

3

the crime charged" and "track[] the language of [the statute]." *United States v. Saffarinia*, 422 F. Supp. 3d 269, 277 (D.D.C. 2019) (EGS). A defendant charged with obstruction of justice, as Defendant Dupree is here, must be able to "reasonably infer how their allegedly obstructive conduct impeded… an investigation into their activities." *Id.*

### A. Elements of the Offense

Count Two charges Defendant Dupree with violating Section 1512(b)(3), which makes it a crime to "knowingly… engage[] in misleading conduct toward another person, with intent to… hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(b), (b)(3).

To prove this violation, the Government must show that the Defendant: (1) engaged or attempted to engage in misleading conduct toward another person; (2) did so knowingly; (3) with the specific intent to hinder, delay or prevent the communication of information; and (4) that it was reasonably likely that the information would have been communicated to a federal law enforcement officer; and (5) that the information related to the commission or the possible commission of a federal offense. *United States v. Sutton & Zabavsky*, Case No. 21-cr-598 (PLF), -- F. Supp. 3d --, 2023 WL 8472628, at *20 (D.D.C. Dec. 6, 2023); *United States v. Hawkins*, 185 F. Supp. 3d 114, 124 (D.D.C. 2016) (CKK).

### B. Language in the Indictment

The Indictment alleges that Defendant Dupree

> knowingly engaged in misleading conduct toward another person with intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of the federal offense charged in Count 1; that is, to hinder, delay, and prevent communication to the Federal Bureau of Investigation of information

4

> concerning Dupree's use of unreasonable force against T.S., Dupree knowingly
> and intentionally submitted a statement of probable cause, dated August 4, 2019,
> to a Maryland state commissioner that falsely reported the circumstances
> surrounding and justifying Dupree's use of pepper spray.

Indictment ¶ 8. The Indictment also alleges that Defendant Dupree "was trained in and aware of an officer's duty not to use unreasonable or excessive force against a person under arrest in violation of the arrestee's Fourth Amendment right to be free from unreasonable searches and seizures." *Id.* ¶ 4.

### C. Defendant's Arguments

Defendant Dupree's Motion is not a model of clarity, but the Court has endeavored to distill his "lack of federal nexus" contention into distinct arguments.

First, Defendant argues that because there was no federal investigation underway or contemplated at the time of his alleged obstruction, the Indictment has failed to state an offense. *See* Def.'s Mot. at 7–8; *see also* Def.'s Reply at 4. This is inaccurate. The charging statute does not require that any federal investigation actually have occurred at the time or even afterwards. The Government need only prove "the *possible* existence of a federal crime." *United States v. Ring*, 628 F. Supp. 2d 195, 220 (D.D.C. 2009) (ESH) (emphasis in original) (citation omitted). "Thwarting an investigation before it can begin is sufficient for an obstruction of justice charge." *United States v. Sutton*, Case No. 21-cr-598 (PLF), 2022 WL 1183797, at *8 (D.D.C. Apr. 21, 2022). Accordingly, the Defendant's argument here is unavailing.

Next, Defendant argues that "the Indictment does not allege facts showing that Officer Dupree's use of his department-issued pepper spray would give rise to a reasonable belief of a federal civil rights violation." Def.'s Mot. at 13. But this, too, is not an element of the statute. Section 1512(b)(3) does not require that a defendant specifically know that their underlying

5

conduct could constitute a federal offense. *United States v. Sutton*, Case No. 21-cr-598 (PLF), -- F. Supp. 3d --, 2023 WL 8472628, at *21 (D.D.C. Dec. 6, 2023). Nevertheless, the Indictment alleges that Defendant was "trained in and aware of [his] duty not to use unreasonable or excessive force against a person under arrest in violation of the arrestee's Fourth Amendment right to be free from unreasonable searches and seizures," and that when using pepper spray against T.S., he "willfully deprived T.S. of the right… to be free from unreasonable searches and seizures." Indictment ¶¶ 2, 6. In other words, it sufficiently alleges that Defendant Dupree's use of pepper spray would have borne a reasonable belief of unconstitutionality.

Finally, Defendant argues that there was no reasonable likelihood that the communication of information would have been made to a federal law enforcement officer as opposed to a state officer. *See* Def.'s Mot. at 5, 9–10, 13. The Court disagrees, finding that the Indictment sufficiently alleges a reasonable likelihood of communication to a federal officer. The Government must show that the likelihood of communication to a federal officer was "more than remote, outlandish, or simply hypothetical." *Fowler v. United States*, 563 U.S. 668, 678 (2011). To do so, the Government need only show that the misleading information—here, the allegedly false probable cause statement—was *likely* to be *transferred* to a federal officer. *Ring*, 628 F. Supp. 2d at 219. It is irrelevant to whom Defendant submitted the statement. *Id.* at 222.

When Defendant Dupree, who was allegedly trained in and aware of use of force limits under the constitution, Indictment ¶ 2, allegedly violated T.S.'s constitutional rights by using pepper spray, *id.* ¶ 6, and then allegedly submitted a statement of probable cause to a Maryland state commissioner that falsely reported the circumstances surrounding this use of pepper spray, *id.* ¶ 8, it was reasonably likely that this information would be transferred to the FBI or other federal law enforcement officer. This likelihood was more than remote, outlandish, or

hypothetical. Accordingly, as is all that is required, *see Saffarinia*, 422 F. Supp. 3d at 277, the Indictment includes enough context for Defendant Dupree to reasonably infer how his submission of the allegedly false probable cause statement could have impeded a future federal investigation. It also "sufficiently apprise[s] the defendant of what he must be prepared to meet." *United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004).

\* \* \*

The Court concludes that the Indictment sufficiently states an offense—that is, it provides allegations of the elements of 18 U.S.C. § 1512(b)(3) that, if proven, would be sufficient to permit a jury to find that the crime was committed. Dismissal is granted only in unusual circumstances, *Ballestas*, 795 F.3d at 148, and this case does not present such a circumstance.

## IV. CONCLUSION

For the reasons set forth above, the Court will **DENY** Defendant Philip Dupree's [35] Motion to Dismiss Count Two of the Indictment.

An appropriate Order accompanies this Memorandum Opinion.

/s/<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge