**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

PHILIP DUPREE,

Defendant.

Criminal Action No. 22-275 (CKK)

**ORDER SETTING FORTH TRIAL**
**PROCEDURES IN CRIMINAL CASES**
(April 29, 2024)

In order to administer the trial in this criminal action in a fair, just, efficient, and economical manner, it is this 29th day of April, 2024, hereby

**ORDERED** that the parties shall comply with each of the following procedures and instructions:[1]

## I. GENERAL RULES

(1) Counsel shall not comment negatively on the failure of any defendant to testify on his or her own behalf.

(2) Counsel shall not make statements of personal belief to the jury or express a belief concerning the credibility of a witness.

(3) Counsel shall not appeal to the self-interest of the jury.

(4) Counsel shall not make racial, political, or religious comments.

(5) Counsel shall be civil, respectful, and polite towards all participants in the case at all times.

(6) Counsel shall direct statements to the Court, or in appropriate contexts to the jury, not to opposing counsel.

(7) Counsel shall refer to all witnesses over the age of eighteen as "Mr." or "Ms." or by other appropriate titles and shall not use witnesses' first names or nicknames.

(8) Counsel shall question witnesses and make opening statements and closing arguments from the lectern unless a lapel microphone is used.

---

[1] Failure to adhere to these rules at any point during the trial may result in **severe** sanctions against the offending party or parties.

(9) Counsel must obtain permission from the Court before approaching a witness.

(10) All participants in the case shall refrain from making verbal comments, facial expressions, or any other communications that could be interpreted as conveying a comment one way or another about the conduct of the trial.

(11) The rule on witnesses is **always** in effect.

## II. THE TRIAL DAY

(1) The Court will announce the times for the trial day before trial. The parties shall be respectful of the jury's time. **Proceedings will begin promptly on each trial day; the jury will not be kept waiting while the parties raise issues that could and should have been raised earlier**.

(2) The Court shall make itself available to address issues requiring its attention fifteen minutes before the scheduled start of the trial day, during the lunch break, or after the end of the trial day. **Counsel shall not raise issues immediately before the start of the trial day; matters requiring the Court's attention shall be raised in accordance with the procedures governing pretrial and trial motions *in limine***.

## III. MOTIONS *IN LIMINE*

(1) **Pretrial Motions *in Limine***. If a legal, evidentiary, or other issue amenable to resolution by motion can reasonably be expected to arise at trial, a motion *in limine* must be filed as far in advance of trial as possible and, in any event, by no later than the deadline set by the Court.

(2) **Trial Motions *in Limine***. During trial, the parties may encounter issues that could not reasonably have been anticipated earlier. In that event, the parties shall adhere to the following procedure:[2]

(a) As soon as possible and **by no later than 6:15 p.m.** of the night before the at-issue testimony or evidence is expected to be introduced, counsel shall meet and confer in a good faith attempt to resolve any dispute without judicial intervention;

(b) As soon as possible and **by no later than 7:15 p.m.** of the night before the

[2] If the Court has set a time limit for counsel to complete direct and cross-examination, any time dedicated to matters brought to the Court's attention in contravention of this procedure will be deducted from the time of the offending party or parties.

at-issue testimony or evidence is expected to be introduced, the moving party shall **e-mail** to Chambers a succinct but complete statement of the factual and legal bases for the party's position, with precise citations to the record and appropriate legal authority.

(c) As soon as possible and **by no later than 7:15 a.m.** of the morning of the day the at-issue testimony or evidence is expected to be introduced, the opposing party shall **e-mail** to Chambers a succinct but complete statement of the factual and legal bases for its opposition, with precise citations to the record and appropriate legal authority.

## IV. PRETRIAL SUBMISSIONS IN JURY CASES

(1) The parties shall submit the following to the Court:

(a) A neutral statement of the case appropriate to be read to the jury at the commencement of *voir dire*;

(b) Proposed and agreed-upon *voir dire* questions;

(c) Proposed and agreed-upon jury instructions; and

(d) A proposed verdict form, including any proposed special interrogatories.

(2) The parties must meet and confer and, to the greatest extent possible, agree upon a single set of *voir dire* questions. The parties shall submit the voir dire questions in a single document, ordered as follows: (1) the agreed-upon *voir dire* questions; (2) any *voir dire* questions proposed by one party and to which there are no objections by any other party; and (3) any proposed *voir dire* questions to which there are objections, as well as a description of the objection and the basis for the objection.

(3) The parties must meet and confer and, to the greatest extent possible, agree upon a single set of jury instructions. The parties may list any requested standard red book jury instructions, but must submit any proposed non-standard red book jury instructions. **If any party objects to any portion of a proposed instruction, the objection must be included in the same document as the proposed instruction and identify: (1) the objectionable portion of the instruction, (2) the basis for the objection, and (3) a proposed alternate instruction**. Each proposed jury instruction or objection must include citations to supporting authority.

(4) All submissions required by this paragraph shall be filed on the public docket. The parties shall also contact Chambers for an e-mail address to send the Court a copy of all submissions in Word format.

V. **<u>PRESENCE OF DEFENDANT(S)</u>**

(1) Defense counsel should discuss with their client securing a written waiver by Defendant(s) of the right to be present at bench conferences during *voir dire* and trial, and file the same **by no later than 9:00 a.m.** on the first day of jury selection. Defendant(s) will be provided earphones to hear any bench conferences involving Defense counsel, such as *voir dire* or matters discussed out of the presence of the jury.

(2) Defendant(s) will not be allowed to leave the Courtroom except during recesses and lunch hour. After trial begins and following recesses, Defendant(s), if on bond, shall be required to be present unless prior approval is given by the Court for their absence.

VI. **<u>JURY SELECTION</u>**

(1) Before *voir dire*, the Court will announce the number of alternate jurors to be selected, the seats in which they will be placed, and the number of peremptory challenges to be allowed under Federal Rule of Criminal Procedure 24.

(2) As part of the jury selection process, each attorney will be provided with a list of potential jurors generated by the Jury Office, including a list containing each jurors' home address, age, occupation, and place of employment. Each attorney will be provided with one copy of the "Jury Panel Sheet" and one copy of the "Jury Occupation Report by Case Number," collectively the "jury list," for which the attorney will be held responsible. Each attorney shall ensure that the Defendants do not leave the Courtroom with the jury list. Each attorney shall maintain primary responsibility and physical custody of the list, but may permit his/her client to review the jury list as needed during the *voir dire* process. During the process of selecting a jury, each attorney shall return their respective copies of the "Jury Occupation Report by Case Number" to the Deputy Courtroom Clerk at the conclusion of each day of jury selection. Each attorney, including counsel for the Government, shall return the "Jury Occupation Report by Case Number" to the Deputy Courtroom Clerk at the conclusion of the jury selection process. The returned documents shall be placed under seal and maintained in the Court's vault for the record.

(3) The Court will conduct *voir dire* and standard *voir dire* questions will be asked. **The parties shall submit any requests for additional *voir dire* by the deadline set by the Court and questions submitted beyond that deadline will not be considered.**

(4) Members of the jury panel will be seated in the courtroom in the order in which they are listed on the jury sheets, attendance will be taken by the courtroom clerk, and the panel will be sworn in. The jury panel will be introduced to all of the participants in the trial and the Court will ask them a series of questions. If a panel member's answer to any question is "yes," the member will be asked to write the number of the question on a note card. At the end, each member of the jury panel will be called up to the bench to answer any questions he or she has listed on the card. At that time, counsel may pose brief follow-up questions.

(5) Strikes for cause shall be heard after each panel member is questioned. Panel members will be called to the bench according to the list provided by the juror office and not by the questions asked by the Court. The Court will call to the bench only the number of jurors needed to select a jury.

(6) **All peremptory strikes shall be made on the written form provided by the Court; counsel shall not identify jury selections in open court**.

(7) The Court utilizes the "Arizona" method. A pass will be treated as a strike. When making a written strike, counsel shall indicate the juror number so there is no confusion. Counsel shall indicate, in the appropriate column on the form, the race and gender of each juror struck.

## VII. EXHIBIT AND WITNESS LISTS

(1) All exhibits—including demonstratives—are to be marked numerically in advance of trial and the written list must contain a brief description of each exhibit. Furthermore, the exhibits on the list shall be referenced by the count and by the Defendant to which they pertain. The Government shall provide a final exhibit list to the defense no later than one week before trial is set to commence. Any objections to the Government's exhibits not previously ruled on by the Court must be filed by no later than three business days before trial is set to commence. The defense shall provide a final exhibit list by no later than 48 hours before the defense case is set to begin. **All parties must exchange final versions of any demonstratives, including those to be used in connection with closing arguments, not less than 72 hours before they are to be used**.

(2) As soon as possible and **by no later than 6:15 p.m.** of the night before the testimony is expected to be introduced, Government counsel shall deliver to Defense counsel a list of the witnesses the Government anticipates calling the next trial day, accompanied by all Jencks Act or Brady material relating to each witness that has not already been provided.

(a) If Jencks Act or Brady materials are voluminous, they must be produced at an earlier point.

(b) Defense counsel should understand that the Government will not be absolutely bound by its witness list because, on occasion, the Government may in good faith change the intended order of proof, it may become necessary to call a witness out of turn, etc.

(c) Security concerns may justify non-identification of witnesses until they are actually called. In that case, Government counsel shall exclude the name of any such witness from the list delivered to Defense counsel and bring the matter to the Court's attention *in camera*.

VIII. **EVIDENTIARY OBJECTIONS**

(1) Evidentiary objections shall not be argued in the presence of the jury; counsel must state the legal basis for their objections in a word, or at most a phrase, without elaboration or argument.

(2) Counsel must raise any evidentiary objections that can reasonably be anticipated before the scheduled start of the trial day, during the lunch break, or at the conclusion of the trial day and in accordance with the procedures governing pretrial and trial motions *in limine*. Bench conferences during trial are discouraged, but will be permitted if necessary to resolve an objection.

IX. **OBJECTIONS AND MOTIONS IN CO-DEFENDANT CASES**. Once the case is called for trial, any objection, motion, or other application for relief made by any Defense counsel orally or in writing shall be deemed to be adopted and joined in by every other Defendant, and the rulings of the Court shall be deemed applicable to each Defendant unless otherwise stated. Accordingly, it is both unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be heard **only** for the purpose of expressly opting out of an objection or motion.

X. **DIRECT AND CROSS-EXAMINATION**. On direct or cross-examination of a witness, counsel shall not:

(1) Be allowed re-cross-examination of any witness;

(2) Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence;

(3) Use an objection as an opportunity to argue or make a speech in the presence of the jury; or

(4) Show to the jury a document or anything else that has not yet been received into evidence.

XI. **OPENING STATEMENTS AND CLOSING ARGUMENTS**

(1) The Court will intervene *sua sponte* if a party fails to adhere to basic legal principles.

(2) In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the passions or prejudices of jurors.

(3) The Court will provide the jury with final instructions **after** closing arguments.

XII. **DISCUSSIONS WITH WITNESSES**. With the exception of **defendant-witnesses** (because of Sixth Amendment implications), counsel calling a witness shall have no further discussions with that witness concerning the case or any aspect of his or her testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may pursue discussions with witnesses during trial.

XIII. **TAPES AND RECORDINGS**. If audiotapes, videotapes, or other similar recordings are to be used at trial, counsel shall promptly meet and confer to resolve any dispute concerning an alleged discrepancy or discrepancies between any transcripts and the recordings. In the event the parties are unable to resolve their dispute without judicial intervention, they must advise the Court **by no later than two (2) calendar days before trial**.

XIV. **TECHNICAL EQUIPMENT**. Parties who would intend to use technical equipment (e.g., overhead projectors, video display monitors) at trial must contact the Courtroom Technology Administrator of the Clerk's Office at (202) 354-3019.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge