## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 22-275 (CKK) |
| PHILIP DUPREE, | |
| Defendant. | |

## MEMORANDUM OPINION
(May 10, 2024)

Pending before the Court is the Government's [32] Motion in Limine to Admit Evidence of Prior Bad Acts, and Defendant Philip Dupree's [33] Motion in Limine to Exclude the Government's Purported 404(b) Evidence.

The Government seeks to introduce two categories of evidence: first, evidence concerning Defendant's prior employment with and ultimate termination from the District Heights, Maryland Police Department, and second, evidence of a prior incident where Defendant allegedly used unlawful force against an arrestee and drafted a false probable cause statement to cover it up.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that the evidence offered by the Government is relevant to material issues

---

1 The Court's consideration has focused on the following documents:
- Indictment, ECF No. 1;
- Government's Motion in Limine, ECF No. 32 ("Gov.'s Mot.");
- Defendant's Opposition to Government's Motion in Limine, ECF No. 38 ("Def.'s Opp'n");
- Government's Reply in Support of Motion in Limine, ECF No. 40 ("Gov.'s Reply");
- Defendant's Motion in Limine, ECF No. 33 ("Def.'s Mot.");
- Government's Opposition to Defendant's Motion in Limine, ECF No. 36 ("Gov.'s Opp'n");
- Defendant's Reply in Support of Motion in Limine, ECF No. 41 ("Def.'s Reply").

other than character under Rule 404(b), with the exception of evidence regarding Defendant's allegedly excessive force incident involving the previous arrestee for the purpose of showing motive. The Court reserves its analysis and decision regarding whether the probative value of this evidence is substantially outweighed by the prejudice under Federal Rule of Evidence 403 until trial. Accordingly, the Court defers its ruling on the [32] and [33] Motions.

## I. BACKGROUND

According to the Indictment, Defendant Philip Dupree was a sworn officer of the Fairmount Heights Police Department ("FHPD"), a law enforcement agency in the state of Maryland. Indictment ¶ 1. He had approximately eight years of experience as a law enforcement officer and was trained in and aware of his duty not to use unreasonable or excessive force against arrestees in violation of their Fourth Amendment rights. *Id.* ¶ 2.

Beginning on August 3, 2019 and extending into August 4, 2019, Defendant was on duty as a uniformed FHPD officer assigned to vehicular patrol. *Id.* ¶ 3. On August 4, 2019, he conducted a traffic stop and detained an individual referred to as T.S. *Id.* ¶ 4; *see also* Def.'s Opp'n at 4. Defendant Dupree placed T.S. in handcuffs and T.S. was therefore restrained. *See id.* Defendant contends that T.S. exhibited "increasingly aggressive and belligerent behavior toward" him over the course of the traffic stop and that, ultimately, T.S. "had the opportunity and ability to attempt to bite Officer Dupree on the left arm." *Id.* at 4–6. Defendant used pepper spray on T.S.'s face, *id.* at 6, which the Government claims was done without justification, Gov.'s Mot. at 2; Indictment ¶ 6. The Government contends that Defendant transported T.S. to the FHPD, where Defendant then wrote and submitted a probable cause statement to a Maryland state commissioner claiming that T.S. had been physically aggressive and out of control, which the Government contends was false. Gov.'s Mot. at 2; Indictment ¶ 8.

The Indictment charges Defendant Dupree with Count One, Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, and Count Two, Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3).  *Id.* ¶¶ 5–8.  Defendant has rejected a plea offer tendered by the Government, *see* Minute Order, Jan. 18, 2024, and a trial is set to begin on June 3, 2024.

The Government filed the pending [32] Motion in Limine to admit evidence of Defendant Dupree's prior bad acts, both as intrinsic evidence of the charged offenses and pursuant to Federal Rule of Evidence 404(b).  They offer two pieces of evidence: the Defendant's termination from the District Heights, Maryland Police Department ("DHPD"), and a prior incident where Defendant used unlawful force against an arrestee, "R.G.", and drafted a false probable cause statement to cover it up.  Gov.'s Mot. at 2–3.  Defendant then filed the pending [33] Motion in Limine to preclude the Government from introducing this evidence, arguing that it is improper propensity evidence and inadmissible under Rule 404(b).  The Court now turns to the resolution of these motions.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 404(b), "[e]vidence of any crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(1)–(2).  The rule is one of "inclusion rather than exclusion.  Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance—for the purpose of proving that a person's actions conformed to his character."  *United States v. Bowie*, 232 F.3d 923, 929–30 (D.C. Cir. 2000) (internal quotations omitted).  Courts employ a two-step

inquiry: first, the court must determine whether the evidence is relevant to a material issue other than character; and second, whether, under Federal Rule of Evidence 403, the probative value is substantially outweighed by the prejudice. *United States v. Burch*, 156 F.3d 1315, 1323 (D.C. Cir. 1998).

Evidence that is "intrinsic" to the crime charged is not subject to the limitations of Rule 404(b) because, by its very nature, it does not involve "other crimes, wrongs, or acts," and therefore there is no concern that it might be used as improper character evidence. *Bowie*, 232 F.3d at 927. Evidence that may be properly considered "intrinsic" includes evidence "of an act that is part of the charged offense"; and evidence of "some uncharged acts performed contemporaneously with the charged crime ... [that] facilitate the commission of the charged crime." *Id.* at 929.

### III. DISCUSSION

The Court will now address the two categories of evidence offered by the Government: the Defendant's employment with and ultimate termination from the DHPD, and a prior incident where Defendant allegedly used unlawful force against an arrestee and drafted a false probable cause statement to cover it up.

### A. Defendant's Prior Employment with and Termination from District Heights, Maryland Police Department

The Government seeks to introduce evidence that Defendant was terminated from DHPD, where he worked before being employed by the FHPD, due to "numerous citizen complaints of aggressive behavior and demeanor, including complaints that he used excessive force." Gov.'s Mot. at 3. They seek to introduce three pieces of evidence. First, in May 2015, the DHPD police chief sent Defendant a letter informing him that his probationary period would be extended because the DHPD had received eleven written citizen complaints against the Defendant in the seven months since he had been employed by the DHPD, including one excessive force complaint

and one use of force complaint, as well as complaints for "very aggressive" behavior. *See id.*; Gov.'s Mot. Ex. A; Def.'s Opp'n at 7. The letter of warning from the Chief of Police references Defendant Dupree's troubling "pattern of conduct"—including one citizen complaint of excessive force and one of use of force, along with others for harassment or conduct unbecoming—and a finding that "it is clear to [the Chief] that [Defendant] may not be capable of controlling [his] aggressive nature." Gov.'s Mot. Ex. A at 1–2. The letter went on to explain that the Chief had "numerous counseling sessions" with Defendant where he was asked to refrain from appearing angry or aggressive and from using demeaning language or sarcastic remarks. *Id.* at 2.

As for the second piece of evidence, in October 2015, the DHPD police chief sent Defendant another letter informing him that he would be terminated based on the complaints received, as well as the lack of discernable changes in his productivity; his termination became final in October 2016. Gov.'s Mot. Ex. B; Gov.'s Mot. at 3–4. This letter stated that "[c]areful documentation, counseling, and retraining" failed to bring about any discernable changes in the number and kinds of complaints that Defendant received, and he was therefore terminated. Gov.'s Mot. Ex. B.

Third, in his application to the FHPD, Defendant admitted that he had been "invesgated [sic] for use of force, cleared, then terminated." Gov.'s Mot. Ex. B at 4; Gov.'s Mot. Ex. C. The Government argues that this prior employment evidence should be admitted as either intrinsic evidence, or extrinsic evidence under Rule 404(b).

### 1. Intrinsic Evidence

In the United States Court of Appeals for the District of Columbia Circuit, evidence is intrinsic only when it "is of an act that is part of the charged offense," is of "uncharged acts performed contemporaneously with the charged crime… if they facilitate the commission of the

charged crime," *Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000), or is "direct evidence of a fact in issue," *United States v. Alexander*, 331 F.3d 116, 126 (D.C. Cir. 2003).

Defendant's stint at DHPD was clearly not contemporaneous with the charged crime, nor is the suggested evidence of an act that is part of the charged offense. Instead, the Government argues that Defendant Dupree's prior warnings and termination are "direct evidence" of the mens rea of the charged offense. *See* Gov.'s Mot. at 4.

Defendant Dupree is charged in Count One with violating 18 U.S.C. § 242, which requires the mens rea of willfulness. The Supreme Court has interpreted this mens rea to require that the defendant "had the purpose to deprive the [victim] of a constitutional right," *Screws v. United States*, 325 U.S. 91, 107 (1945), and the D.C. Circuit has explained that "[o]ne who does act with such specific intent is aware that what he does is precisely that which the statute forbids," *United States v. Ehrlichman*, 546 F.2d 910, 920 (D.C. Cir. 1976). The Government argues that "the repeated warnings the Defendant was given by the DHPD about his need to refrain from aggressive conduct and excessive force against civilians, and his ultimate termination from the DHPD for failing to correct such behavior prior to the charged offenses, shows that he knew the wrongfulness of using excessive force against civilians." Gov.'s Mot. at 7. More specifically, they claim, this evidence is proof of his knowledge and intent to willfully use excessive force against T.S., and it is therefore directly relevant to the element of mens rea that the Government must prove at trial. *See* Gov.'s Reply at 2; Gov.'s Mot. at 7.

In response, Defendant argues that this evidence is not intrinsic to the charged crime. *See* Def.'s Opp'n at 8. The Court agrees.

The D.C. Circuit has expressly rejected the more permissive approach to defining intrinsic evidence that has been adopted by other circuits. Here, "[e]vidence is not generally rendered

intrinsic simply because it completes the story or explains the circumstances behind a charged offense." *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015) (citing *Bowie*, 232 F.3d at 929). Defendant Dupree's prior warnings and termination are not so directly connected with his later allegedly unlawful action such that they can be considered "direct evidence" of his mens rea. *Cf. United States v. Fitzsimmons*, 605 F. Supp. 3d 92, 98 (D.D.C. 2022) (RC). While it may help "complete the story" for the Government, that is not enough to render it intrinsic evidence.

Accordingly, the Court holds that the Government may not admit this evidence as intrinsic evidence.

### 2. Federal Rule of Evidence 404(b)

The Government argues that if it is not considered intrinsic evidence, then nevertheless this prior employment evidence is admissible under Rule 404(b). Defendant contends that the evidence should not be admitted as extrinsic evidence under Rule 404(b). Def.'s Opp'n at 2.

#### i. Notice Under Rule 404(b)(3)

To begin, Defendant contends that this evidence should be barred because the Government failed to adhere to the notice requirements under Rule 404(b)(3). *See* Def.'s Opp'n at 11.

The Court ordered the Government to file any 404(b) Notice by November 3, 2023. *See* Pretrial Scheduling Order, ECF No. 28. The Government submitted a timely notice; however, this notice only included their intent to present testimony regarding the stop involving R.G., but not their intent to present evidence regarding Defendant's employment at and termination from DHPD. *See* FRE 404(b) Notice, ECF No. 30. It was not until the Government's filing of the instant [32] Motion in Limine that Defendant became aware of the Government's intention to introduce such evidence. Def.'s Opp'n at 11–12. While the Court reprimands the Government's failure to adhere to the Court's deadlines, it finds that this deficiency is insufficient to constitute a failure to satisfy

the notice requirement.

Under Federal Rule of Evidence 404(b)(3), the Government must: "(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(3). Here, the Government's instant motion satisfies its obligation to provide a reasonable, pre-trial written notice. *See United States v. Roberson*, 581 F. Supp. 3d 65, 70 n.4 (D.D.C. 2022) (JDB). Defendant has had sufficient opportunity to respond to the Government's intention to introduce evidence of Defendant Dupree's employment at and termination from DHPD, as they have filed an opposition brief as well as their own Motion in Limine; the Government's motion indicates their specific purpose for which the evidence will be used; and the Government provided this notice in writing—in the form of this motion—well before trial.

Having found the Government's notice sufficient, the Court now turns to whether this evidence is admissible under Federal Rule of Evidence 404(b).

### ii.     Relevant to Material Issue Other than Character

The Court must first determine whether the evidence is relevant to a material issue other than character. Fed. R. Evid. 404(b)(2); *Burch*, 156 F.3d at 1323. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. The government need only show that it is offered for a valid purpose other than to prove the defendant's propensity to commit similar acts. *United States v. Khanu*, 664 F. Supp. 2d 80, 83 (D.D.C. 2009) (CKK).

As for Count One, Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242, the Government contends that the prior employment evidence is relevant to show Defendant's knowledge and intent, and the absence of mistake or lack of accident.

First, the Government argues that this evidence shows that Defendant knew the limits of the permissible use of force and, despite this knowledge, acted with willful intent when using excessive force against T.S.  Knowledge and intent are elements of § 242.  *See Ehrlichman*, 546 F.2d at 920 ("[A]cting 'willfully' mean[s] acting with 'a purpose to deprive a person of a specific constitutional right.'… One who does act with such specific intent is aware that what he does is precisely that which the statute forbids.").  Additionally, knowledge and intent are "well-established non-propensity purposes for admitting evidence of prior crimes or acts."  *Bowie*, 232 F.3d at 930; *see also* Fed. R. Evid. 404(b).

The Government argues the fact that Defendant received repeated training and counseling show that Defendant knew the difference between permissible and prohibited uses of force.  *See* Gov.'s Reply at 7; Gov.'s Mot. at 10, 12.  In turn, they argue, the fact that Defendant had this knowledge but nevertheless used excessive force against T.S. shows his willful intent.  *See* Gov.'s Mot. at 9; Gov.'s Reply at 2–4, 7.  Defendant argues in response that "[n]othing in the DHPD evidence [] involved a finding that Officer Dupree's conduct was 'unlawful,'" nor does it show that he would have known that the use of pepper spray under the circumstances on August 4, 2019 would be excessive force.  Def.'s Opp'n at 12.

The numerous complaints made against Defendant Dupree—including one complaint for use of force and one for excessive force—the subsequent training and counseling about this behavior, and his eventual termination from DHPD after he failed to improve make it more probable that he had knowledge about appropriate officer behavior, including regarding the

contours regarding the permissible use of force, and this evidence is therefore relevant to the permissible Rule 404(b) purpose of proving his knowledge. This evidence is then relevant to whether Defendant acted with willful intent during his interaction with T.S. *See United States v. Sutton*, 636 F. Supp. 3d 179, 211 (D.D.C. 2022) (PLF) ("Evidence of Mr. Sutton's training on Terry stops therefore is a factor the jury may consider in determining Mr. Sutton's subjective state of mind at the time and why he engaged in the conduct at issue."); *United States v. Long*, 328 F.3d 655, 661 (D.C. Cir. 2003) ("What matters is that the evidence be relevant 'to show a pattern of operation that would suggest intent' and that tends to undermine the defendant's innocent explanation."). In order "to be relevant, the Government's proposed Rule 404(b) evidence does not have to prove the Defendant's intent, it need only make it more probable that the Defendant possessed the requisite intent." *United States v. Hite*, 916 F. Supp. 2d 110, 117 (D.D.C. 2013) (CKK). That Defendant was trained on and ultimately terminated for his behavior on the job, which included a complaint of use of force and one of excessive force, make it more probable that when he pepper-sprayed T.S. he acted with the required mens rea.

Second, the Government contends that this evidence goes to a lack of accident or absence of mistake. More specifically, they posit that Defendant Dupree's prior employment history shows that, because he was put on notice by DHPD that use of excessive force was prohibited, he did not act by mistake or accident when he used excessive force against T.S. Gov.'s Mot. at 10; *see also* Gov.'s Reply at 5–6. Defendant argues that "it is undisputed that Officer Dupree voluntarily deployed his OC spray," and "[i]t was not deployed 'by accident.'" Def.'s Mot. at 16; *see also* Def.'s Reply at 6. However, the Government would not be using their proffered evidence to show that Dupree did not deploy his pepper spray by accident, but rather to show that he did not use excessive force by accident. This distinction is significant. The previous complaints against

Defendant, the training he received, and his continued behavior leading to termination all make it more probable that he did not act accidentally when using excessive force against T.S., which the Government is required to prove.

As for Count Two, Obstruction of Justice in violation of 18 U.S.C. § 1512(b)(3), the Government argues that the prior employment evidence is relevant to show Defendant's intent and motive to lie in his probable cause statement.  They contend that this evidence shows that, as Defendant suffered an adverse employment action at DHPD due to his behavior, he knew that "if the true circumstances of his encounter with T.S. were to come to light, he likely would be fired again and criminally prosecuted, thereby providing a motive to lie."  Gov.'s Mot. at 12; *see also id.* at 10.  They continue that this is also "evidence of Dupree's intent to obstruct justice by covering up an excessive force incident that he knew was prohibited."  Gov.'s Reply at 8; *see also id.* at 2. The Court finds that Defendant's prior employment history—and, notably here, his termination from DHPD—is relevant to show that he possessed the motive for and intent to falsify a probable cause statement to avoid any negative repercussions at FHPD.

Altogether the Court finds that the prior employment evidence offered by the Government is relevant for knowledge, intent, and absence of mistake or lack of accident as to Count One, and for motive and intent as to Count Two.

### iii.    Balancing of Probative Value and Prejudice

Next, the Court must determine whether the probative value of this evidence is substantially outweighed by the prejudice under Federal Rule of Evidence 403.  *Burch*, 156 F.3d at 1323.

Based on the present record, the Court is unable to determine whether evidence of Defendant Dupree's prior employment history would unfairly prejudice the Defendant.  The Court

finds that a final decision as to whether this evidence shall be admitted under Rule 403 would be better informed by the meaning, foundation, and relevance of the evidence within the framework of the trial.  *See United States v. Khanu*, 664 F. Supp. 2d 80, 85–86 (D.D.C. 2009) (CKK); *United States v. Anderson*, 174 F. Supp. 3d 494, 495 (D.D.C. 2016) (CKK); *United States v. Fields*, Case Nos. 18-cr-00267-01, -02, -04, -05, -06, 2019 WL 690347, at *4 (D.D.C. Feb. 19, 2019) (APM) (deferring ruling on admissibility until trial).  If admitted, such evidence would be admitted at the end of the government's case, which will allow the Court to weigh its probative value against any possible unfair prejudice in the context of the evidence presented at trial.  Furthermore, the Court would give a limiting instruction to the jury as to the purpose of the Rule 404(b) evidence and how the jury is to consider it.  In making its final decision with respect to Rule 403, the Court shall consider the manner in which the Government intends to present the Rule 404(b) evidence and the effectiveness of any proposed limiting instructions.

The Court now turns to the Government's other category of evidence.

### B. September 2018 Incident

The Government seeks to offer evidence of a prior act committed by Defendant after he joined the FHPD.  In September 2018, Defendant conducted a traffic stop of R.G.'s vehicle and slammed R.G. onto the hood of Defendant's car.  *Id.* at 5.  He restrained R.G., cuffed her hands behind her back, and sat her in the front of his police cruiser.  *Id.*  R.G. was under physical control, but she was distraught, verbally abusive, and spat at the Defendant.  *Id.*  In response, Defendant pepper sprayed R.G.'s face.  *Id.*  According to the Government, Defendant then submitted a probable cause statement to a Maryland state commissioner falsely reporting the circumstances surrounding the use of pepper spray.  *Id.*

At a status hearing held on April 30, 2024, the Government indicated that Defendant was

never formally investigated nor charged for this September 2018 incident involving R.G.  R.G. did file a complaint about the 2018 incident, but it was not investigated at that time.  Then, when the incident with T.S. was investigated, the 2018 incident was brought to the investigator's attention.

The Government seeks to present evidence of this prior act through the testimony of two eyewitnesses, one of whom was an assisting law enforcement officer; video footage from that officer's body-worn camera; and Defendant's falsified probable cause statement.  *Id.*  At the April 30, 2024 hearing, the Government indicated that the eyewitness accounts fill in the gaps that the body-worn camera did not capture.  Also at that hearing, the Government explained that the eyewitness testimony and video footage would be presented to show that the events transpired differently than how Defendant Dupree recounted them in his probable cause statement, and, therefore, that his statement was false.

The Government argues that this evidence should be admissible under Rule 404(b), while Defendant opposes its admission.

### 1.  Notice Under Rule 404(b)(3)

To begin, Defendant again challenges the sufficiency of the Government's notice under the requirements of Rule 404(b)(3).  The Government did submit a timely notice of their intent to present testimony regarding the stop involving R.G.  *See* FRE 404(b) Notice, ECF No. 30. Defendant argues that this notice "fails to 'articulate' the 'reasoning that supports the purpose' for which the purported 404(b) evidence is being introduced at the trial in this case."  Def.'s Mot. at 13; *see also* Def.'s Opp'n at 15.

However, for the same reasons as explained above, the Government's instant motion satisfies its obligation to provide a reasonable, pre-trial written notice that now includes the specific purposes for which the evidence would be used at trial.  Having found the Government's

notice sufficient, the Court now turns to whether this evidence is admissible under Federal Rule of Evidence 404(b).

### 2. Relevant to Material Issue Other than Character

The Court must first determine whether the evidence is relevant to a material issue other than character.  Fed. R. Evid. 404(b)(2); *Burch*, 156 F.3d at 1323.  As explained above, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.  Fed. R. Evid. 401.

As for Count One, Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242, the Government contends that the September 2018 incident is relevant to show Defendant's knowledge, intent, and the absence of mistake and lack of accident.

According to the Government, the fact that Defendant Dupree submitted a false probable cause statement for R.G. indicates that he knew what he did to R.G. was unlawful, which, in turn, is evidence of his knowledge that what he did to T.S. was unlawful as well.  Gov.'s Mot. at 6.  The Court finds that this evidence does make it more probable that Defendant knew that the use of pepper spray against T.S. was wrong.

Next, in both the incident involving R.G. and that involving T.S., Defendant Dupree allegedly deployed pepper spray on the arrestee in a way that was not justified, thereby constituting excessive force.  The Government argues that, because Defendant's actions against R.G. bear similarity to the case at hand, it shows a lack of accident or mistake and bears on Defendant's intent in using excessive force against T.S.  For example, the Government explains that the incident with R.G. shows that "his conduct in pepper-spraying a restrained arrestee was not a mistake or accidental," but that Defendant "reactively uses excessive force when he is angry, and not for any legitimate reason."  Gov.'s Mot. at 5–6; *see also id.* at 12.

14

"Evidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent," but that evidence is not required to have "exact congruence." *Long*, 328 F.3d at 661. Here, the evidence regarding R.G. has a sufficient level of similarity so as to be relevant to Defendant's intent in the case at hand. As the United States Supreme Court has noted, 404(b) evidence "may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). In addition, "the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto." *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982)). Here, Defendant's use of pepper spray against R.G. and then falsified probable cause statement make it more likely that he intended to pepper spray T.S. in a way that he was aware was unjustified.

As for Count Two, Obstruction of Justice, the Government contends that the prior "excessive force incident at FHPD involving R.G…. [is] relevant to prove the Defendant's intent and motivation for obstructing justice to cover-up the Constitutional violation during the charged incident involving T.S." Gov.'s Mot. at 10. The Government explains that his motive was "to avoid termination or criminal prosecution for engaging in unlawful conduct." *Id.* at 12. However, unlike with the previous category of evidence, where Defendant was terminated from his employment at DHPD, after the September 2018 incident with R.G., Defendant was not investigated nor punished in any way. Accordingly, the Court finds it to be too attenuated to suggest that the incident with R.G. is relevant to his motive to lie on the probable cause statement for T.S. The Court holds that the evidence of Defendant's incident with R.G. is not relevant for the purpose of showing Defendant's motive to lie in the probable cause statement for T.S.

15

**3.  Balancing of Probative Value and Prejudice**

Finally, the Court must determine whether, under Federal Rule of Evidence 403, the probative value of this evidence is substantially outweighed by the prejudice.  *Burch*, 156 F.3d at 1323.  For the same reasons as explained above, the Court reserves a final decision as to whether this evidence shall be admitted under Rule 403 until trial.

## IV. CONCLUSION

As explained above, the Court finds that the evidence offered by the Government is relevant to material issues other than character under Rule 404(b), with the exception of evidence regarding Defendant's allegedly excessive force incident involving R.G. for the purpose of showing motive.  The Court reserves its analysis and decision regarding whether, under Federal Rule of Evidence 403, the probative value of this evidence is substantially outweighed by the prejudice until trial.  Accordingly, the Court defers its ruling on the [32] and [33] Motions.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge
