**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

     v.

PHILIP DUPREE,

     Defendant.

Criminal No. 22-275 (CKK)

**MEMORANDUM OPINION**
(May 29, 2024)

     Pending before the Court is the Government's [44] Omnibus Motion in Limine.  Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, and based on the arguments presented in the parties' briefing at this time, the Court shall **GRANT** the Government's request to preclude the Defendant from attempting to induce jury nullification.

     The Court shall **GRANT** the Government's motion to preclude Defendant from introducing evidence of or referring to T.S.'s civil lawsuit.

     The Court shall **GRANT** the Government's motion insofar as they seek to preclude Defendant from introducing any improper character evidence, such as evidence of any good deeds, awards, commendations, or other specific good acts.  The Court shall **DEFER RULING** on whether Defendant can introduce evidence of his "experience as a police officer" to show his

---

1 The Court's consideration has focused on the following documents:
- Indictment, ECF No. 1;
- Government's Omnibus Motion in Limine, ECF No. 44 ("Gov.'s Mot.");
- Defendant's Opposition to Government's Omnibus Motion in Limine, ECF No. 47 ("Def.'s Opp'n");
- Government's Reply in Support of Omnibus Motion in Limine, ECF No. 52 ("Gov.'s Reply");
- Defendant's Notice of Filing Response to Court's Inquiry, ECF No. 60 ("Def.'s Notice").

decision-making process and knowledge until the presentation of the evidence at trial, as Defendant has not provided sufficient information as to what this evidence entails and how it would be used.

The Court shall **GRANT** the Government's motion to introduce some of Defendant's out-of-court statements against him under Federal Rule of Evidence 801, subject to other evidentiary limitations.  The Court shall **DEFER RULING** on the issue of whether Defendant may be able to introduce other statements that would otherwise be hearsay through Rule 106.

The Court shall **DEFER RULING** on whether T.S.'s arrest, but not the nature of the arrest, can be introduced into evidence until the presentation of evidence at trial to better balance the probative value against the potential prejudice.

The Court shall **GRANT** the Government's motion to preclude Defendant from leading jurors to make any inference of unfavorable testimony as for equally available uncalled witnesses. However, the Court shall **DEFER RULING** on whether Defendant's gesturing to the Government's failure to call equally available witnesses as demonstrating a lack of proof is appropriate.

Finally, in their opposition brief, Defendant requested that the Court preclude the Government from referring to T.S. as "the victim."  The Government indicated that they are not opposed, and the Court will therefore **GRANT** Defendant's request.

The Court has made the rulings in this opinion based on the parties' briefing and the arguments therein.  The parties have provided insufficient information—e.g., what evidence they do in fact plan on presenting, what questions they plan to ask, of which witnesses, etc.—to allow the Court to make definitive rulings such that many issues have been deferred until trial.  As a result, the Court has concerns regarding the rate of interruptions that may take place during the

course of trial.  The Court expects the parties to have further discussions about the evidence that they plan on introducing, questions they plan on asking, and answers they plan on eliciting so as to narrow the remaining areas of contention in advance of trial.

## I. BACKGROUND

According to the Indictment, Defendant Philip Dupree was a sworn officer of the Fairmount Heights Police Department ("FHPD"), a law enforcement agency in the state of Maryland.  Indictment ¶ 1.  He had approximately eight years of experience as a law enforcement officer and was trained in and aware of his duty not to use unreasonable or excessive force against arrestees in violation of their Fourth Amendment rights.  *Id.* ¶ 2.

Beginning on August 3, 2019, and extending into August 4, 2019, Defendant was on duty as a uniformed FHPD officer assigned to vehicular patrol.  *Id.* ¶ 3.  On August 4, 2019, he conducted a traffic stop and detained an individual referred to as T.S.  *Id.* ¶ 4.  Defendant Dupree placed T.S. in handcuffs and T.S. was therefore restrained.  *See id.*; Gov.'s Mot. at 2.  Defendant contends that T.S. exhibited "increasingly aggressive and belligerent behavior toward" him over the course of the traffic stop and that, ultimately, T.S. "had the opportunity and ability to attempt to bite Officer Dupree on the left arm."  Def.'s Opp'n at 3–5.  Defendant used pepper spray on T.S.'s face, which the Government claims was done without justification, Gov.'s Mot. at 2; Indictment ¶ 6.  The Government contends that Defendant transported T.S. to the FHPD station, contrary to FHPD policy to bring him directly to the county jail, where Defendant then wrote and submitted a probable cause statement to a Maryland state commissioner claiming that T.S. had been physically aggressive and out of control, which the Government contends was false.  Gov.'s Mot. at 2–3; Indictment ¶ 8; *see also* ECF No. 46 at 5.

The Indictment charges Defendant Dupree with Count One, Deprivation of Rights Under

Color of Law, in violation of 18 U.S.C. § 242, and Count Two, Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3).  *Id.* ¶¶ 5–8.  Defendant has rejected a plea offer tendered by the Government, *see* Minute Order, Jan. 18, 2024, and a trial is set to begin on June 3, 2024.  The Government filed the pending [44] Omnibus Motion in Limine, which is now ripe for the Court's consideration.

## II. DISCUSSION

The Court will now address the various requests raised in the Government's Motion, as well as one request made by Defendant in their opposition brief.

### A. Jury Nullification

The Government seeks to preclude the Defendant from attempting to induce jury nullification by referencing his potential punishment or collateral consequences of conviction, alleging abuses by the Department of Justice such as selective or vindictive prosecution, or introducing evidence of the Maryland state court prosecution that was placed on the stet docket to suggest that the state-level criminal charge is all his conduct might have amounted to.  Gov.'s Mot. at 3–7.

Case law is clear that jury nullification is "lawless, a denial of due process[,] and constitute[s] an exercise of erroneously seized power."  *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1985).  Any argument of selective or vindictive prosecution is exclusively for the Court, not for the jury, in part due to the risk of jury nullification.  *See id.* (selective prosecution); *United States v. Safavian*, Crim. A. No. 05-370 (PLF), 2008 WL 525534, at *1 (D.D.C. Dec. 12, 2008) (vindictive prosecution).  Similarly, arguments regarding the consequences of conviction are categorically impermissible.  *See United States v. Patrick*, 494 F.2d 1150, 1153–55 (D.C. Cir. 1974).  As the United States Supreme Court has explained,

"[a] jury has no sentencing function, [and] it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (internal quotation marks omitted).

Moreover, Defendant indicates he will not raise any of the arguments suggested by the Government.  He states that the "Government's concern about the defense's intentions is entirely unfounded and is a strawman argument devoid of a factual basis," and that he has "no intention of improperly arguing to the jury the effect of a felony conviction in this case or the harm that would befall a police officer sent to prison," nor making any reference to selective prosecution, nor arguing that Defendant's conduct amounted only to a Maryland state charge.  Def.'s Opp'n at 10–11.  Therefore, as the parties are in agreement, the Court shall **GRANT** the Government's request to preclude the Defendant from attempting to induce jury nullification.

### B.  T.S.'s Civil Lawsuit

T.S. filed a civil lawsuit against FHPD related to the conduct at issue in this case; that lawsuit is now closed.  Gov.'s Mot. at 20; *see* Def.'s Opp'n at 19–20 (not contesting these facts). The Government argues that the Court should only allow Defendant to mention T.S.'s civil lawsuit if T.S. takes the stand, at which time it may be relevant as a potential source of bias. Gov.'s Mot. at 20.  Defendant responds that they do not plan to introduce any evidence regarding T.S.'s civil lawsuit *unless* T.S. or his family testifies at trial, at which point it may be raised as a potential source of bias, *or* "to the extent that the Government's expert relies on any statement by Mr. Sinclair for his conclusions (subject to impeachment by an adverse claim made in Mr. Sinclair's lawsuit)."  Def.'s Opp'n at 19.

As for bias, although "the Rules do not by their terms deal with impeachment for 'bias,'… it is permissible to impeach a witness by showing his bias under the Federal Rules of

Evidence." *United States v. Abel*, 469 U.S. 45, 49, 51 (1984).  Bias may be induced by a

witness's dislike or fear of a party or the witness's self-interest, and might lead the witness to

slant his testimony in favor of or against a party.  *Id.* at 52.

Here, based on the arguments the parties have presented—and, significantly, because

T.S.'s lawsuit is no longer active—the Court sees no incentive for T.S. to slant his testimony in

favor of himself or against Defendant Dupree.  T.S. has no pending civil lawsuit that would be

impacted or benefitted by any slanted testimony in this case, and therefore there is no self-

interest at play.  There is therefore no basis for cross-examining T.S. to establish bias.

Next, Defendant presents a convoluted claim that, should the Government's expert rely

on any statement made by T.S., they would then seek to present any "adverse claim made in

[T.S.'s lawsuit]" for impeachment.  Def.'s Opp'n at 19.  Defendant states that in T.S.'s civil

complaint and sworn interrogatory responses in the civil suit, T.S. made claims that are

"contradicted by the Government's own witnesses or are unsupported by the facts of this case."

*Id.* at 19–20.  The Court does not understand how Defendant's argument would be consistent

with the rules of evidence.

Based on the briefing presented by the parties, the Court shall, at this time, **GRANT** the

Government's motion to preclude Defendant from introducing evidence of or referring to T.S.'s

civil lawsuit.

### C.  Improper Character Evidence of Defendant

The Government next asks that the Court preclude the Defendant from introducing

evidence of Defendant Dupree's good character through evidence of specific good acts,

including any good deeds, awards, commendations or other instances of good performance

during his time as a law enforcement officer.  Gov.'s Mot. at 13.  Defendant acknowledges that

he cannot and will not present instances of prior awards, commendations, or "prior arrests… to highlight the positive benefit that he has had to the community."  Def.'s Opp'n at 15.

The Government also states that any potential character evidence should be limited to reputation or opinion testimony, Gov.'s Mot. at 14 & 14 n.4, which is consistent with Federal Rules of Evidence 404 and 405.  *See* Fed. R. Evid. 404, 405.  Defendant affirms in response that he "intends to comply with the restrictions on character evidence set forth in Rule 404."  Def.'s Opp'n at 14.  He continues that "[i]f the defense presents character evidence, it will be through character witnesses who are familiar with Officer Dupree's reputation for a trait relevant to this case in the relevant community, such as, lawfulness and honesty."  Def.'s Opp'n at 15.

The Court shall **GRANT** the Government's motion insofar as they seek to preclude Defendant from introducing any improper character evidence, such as evidence of any good deeds, awards, commendations, or other specific good acts.

Defendant then explains that he may seek to introduce evidence of his "experience as a police officer, as it informs his decision making process" and is "also relevant to his knowledge and whether he was breaking the law or intended to break the law," *id.*, to which the Government responds with some skepticism, stating that they "cannot adequately evaluate the propriety of this statement without a more complete proffer of any potential evidence and an explanation as to how the Defendant intends to present it," Gov.'s Opp'n at 3.

Courts have broad discretion in rendering evidentiary rulings, including deciding the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial, or whether such a ruling should be deferred until trial "[when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole."  *Herbert v. Architect of the Capitol*, 920

F. Supp. 2d 33, 38 (D.D.C. 2013) (CKK).

In light of the lack of specificity regarding what evidence of Defendant's "experience as a police officer" he would be seeking to introduce, the Court shall **DEFER RULING** on this issue until the presentation of the evidence at trial.

### D. Out-of-Court Statements

The Government also asks the Court to permit it to introduce the Defendant's out-of-court statements against him. Gov.'s Mot. at 9. This would include, for example, what Defendant Dupree wrote in his probable cause statement. *Id.* at 11. According to Federal Rule of Evidence 801, a statement that "is offered against an opposing party and [] was made by the party in an individual or representative capacity" is not hearsay. Fed. R. Evid. 801(d)(2)(A). The Court shall **GRANT** the Government's motion to introduce some of Defendant's out-of-court statements against him under Rule 801, subject to other evidentiary limitations.

The Government next asks the Court to prohibit Defendant from eliciting his own out-of-court statements as inadmissible hearsay. Gov.'s Mot. at 9. They argue that "unless the Defendant chooses to testify and subject himself to cross examination, he does not have the right to present any self-serving hearsay statements on his own behalf." *Id.* at 11. For example, they contend that the Defendant should be precluded from referencing any statements in his "taser report" that T.S. was a "violent suspect" and under the influence of alcohol. *Id.* at 10–11. The Court agrees that, as a general matter, Defendant will be precluded from presenting his own out-of-court statements in a way that would violate the rules of evidence, including if such statements would constitute inadmissible hearsay.

However, as Defendant points out, *see* Def.'s Opp'n at 12, the rules of evidence also include what is referred to as "the rule of completeness," *see* Fed. R. Evid. 106. Federal Rule of

Evidence 106 states that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106.  Defendant argues that the Government will seek to introduce "cherry-picked portions" of Defendant's probable cause statement or of conversations at the scene while excluding and precluding other statements made by Defendant including, he surmises, his recorded statement to T.S. "you tried to bite me."  Def.'s Opp'n at 12–13.  He continues that to do so would be to give the jury a "completely misleading impression of what occurred in this case," Def.'s Opp'n at 13, which is what the rule of completeness seeks to avoid.  Rule 106 applies when the introduction of a statement is "misleading because of a lack of context," leading to a "distortion" of the statement's meaning.  *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986).  Furthermore, the Rule requires "that the evidence be relevant, and be necessary to qualify or explain the already introduced evidence allegedly taken out of context."  *Id.*

In their reply, the Government affirmed that they will comply with Rule 106 by not excising portions that would result in the statements being misleading or that would lead to a distortion of the statements.  *See* Gov.'s Reply at 4–5.  But at this time, without knowing exactly which portions of which statements the Government will seek to admit, the Court cannot determine whether the rule of completeness would require, in fairness, the admission of other portions of those statements.

Accordingly, the Court holds that Defendant is prohibited from eliciting self-serving statements that qualify as hearsay, but that he may be able to introduce statements that would otherwise be hearsay through Rule 106.  The Court shall **DEFER RULING** on this issue until trial.

### E.  T.S.'s Character Evidence

Next, the Government seeks to limit Defendant's introduction of T.S.'s character evidence. They argue that evidence of T.S.'s character should not be permitted, except for, if he testifies, evidence of his character for truthfulness as shown through opinion or reputation testimony. Gov.'s Mot. at 17–18; *see* Fed. R. Evid. 404, 405(a).  Defendant affirms that they will comply with the restrictions on character evidence set forth in the rules of evidence.

The Court shall **GRANT** the Government's motion insofar as they seek a ruling holding that evidence of T.S.'s character is only permitted if he testifies, only as to his character for truthfulness, and only through opinion or reputation testimony, in adherence with Federal Rules of Evidence 405 and 405.

The Government continues that evidence of T.S.'s arrest record should not be admitted into evidence regardless of whether he testifies at trial.  Impeachment through Rule 609 is only for crimes for which there were a conviction.  *See* Fed. R. Evid. 609 (referencing "criminal conviction").  As T.S. has never been convicted of a crime, *see* Gov.'s Mot. at 18, that rule does not apply.  His prior arrest would also not satisfy any permissible purpose under Rule 404(b).  *See* Fed. R. Evid. 404(b).  The Government argues that the introduction of T.S.'s arrest record would be irrelevant to the case and unfairly prejudicial.  Gov.'s Mot. at 18–19.

Defendant argues that T.S.'s criminal history *is* relevant to the facts of the case.  They explain that during the traffic stop, Defendant Dupree radioed to dispatch requesting a check of T.S.'s license.  Def.'s Notice at 1; Def.'s Opp'n at 16.  An audio recording of this conversation shows that dispatch informed Officer Dupree of a "prior in Montgomery for second degree burglary."  Def.'s Notice at 1.  A report from an internal investigation of the incident confirmed that dispatch told Defendant that T.S. had "no warrants" but a "prior history of B&E in

Montgomery County." *Id.* Defendant argues that he "relied upon this information as conveyed to him during the traffic stop and encounter with [T.S.]," *id.*, including in his "deciding how to respond to [T.S.'s] active resistance and impeding of [his] attempt to arrest [T.S.]," Def.'s Opp'n at 16–17.

The Government argues that, should Defendant Dupree testify and seek to introduce evidence of T.S.'s prior arrest and how it impacted his state of mind during the incident, the Court should nevertheless preclude such evidence as unfairly prejudicial under Federal Rule of Evidence 403. Gov.'s Reply at 6. Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Government contends that this evidence would "invite the jury to decide the case on factors other than the evidence probative of the Defendant's state of mind," and that "even *questions* about T.S.'s criminal history would invite the jury to draw impermissible, speculative conclusions about his character." *Id.* (emphasis in original).

At this time, the Court finds that this evidence carries risk of prejudice and limited probative value. The crime of burglary is so dissimilar from the potential threats that Defendant Dupree could have faced from T.S. when conducting the traffic stop. However, based on the present record, the Court is unable to determine whether the introduction of evidence involving T.S.'s arrest history would be so prejudicial as to substantially outweigh any probative value. A final decision as to whether this evidence shall be admitted under Rule 403 would be better informed by the meaning, foundation, and relevance of the evidence within the framework of the trial. *See United States v. Khanu*, 664 F. Supp. 2d 80, 85–86 (D.D.C. 2009) (CKK); *United States*

*v. Anderson*, 174 F. Supp. 3d 494, 495 (D.D.C. 2016) (CKK); *United States v. Fields*, Case Nos. 18-cr-00267-01, -02, -04, -05, -06, 2019 WL 690347, at *4 (D.D.C. Feb. 19, 2019) (APM) (deferring ruling on admissibility until trial).  If ultimately admitted, the Court would only allow introduction of the fact that Defendant Dupree was told from dispatch that T.S. had a prior arrest, but not the nature of the arrest (i.e., that it was for burglary).  Furthermore, if admitted, the Court would give a limiting instruction to the jury as to the purpose of this evidence and how the jury is to consider it.  Accordingly, the Court will **DEFER RULING** on this issue until the presentation of evidence at trial to better balance the probative value against the potential prejudice.

### F.  Equally Available Witnesses

Finally, the Government asks that the Court preclude Defendant from commenting or making arguments about equally available witnesses whom the Government ultimately does not call to testify.  Gov.'s Mot. at 19.

Where a witness is equally available to both parties, no inference of unfavorable testimony from an uncalled witness can be drawn, and the court should not give a missing witness instruction. *Brown v. United States*, 414 F.2d 1165, 1166–67 (D.C. Cir. 1969).  Defendant affirms that he is not asking for a missing witness instruction.  Def.'s Opp'n at 17.  As for equally available uncalled witnesses, the Court shall **GRANT** the Government's motion to preclude Defendant from leading jurors to make any inference of unfavorable testimony.

However, Defendant argues that he should be permitted to draw attention to the Government's failure to call certain available witnesses, such as T.S., "not [as] an indication that the witnesses would have testified adverse to the Government, but rather, [to] indicate[] holes in the Government's proof." *Id.* at 19.  It is true that a defense counsel's "[e]mphasizing the lack of one form of evidence—[including a particular witnesses' testimony]—is not always or necessarily

an argument that a witness not called would have provided testimony harmful to the prosecution's case." *United States v. Lawson*, 494 F.3d 1046, 1053 (D.C. Cir. 2007). Where a defense attorney does not ask the jury to infer, either directly or indirectly, that the witness would have testified against the government's case, but instead uses such absence to indicate that the government failed to meet their burden of proof, that may be acceptable. *See id.* But there is a fine line between merely suggesting that the Government's failure to call a witness shows a weakness in their case and potential failure in satisfying their burden, and inviting the jury to make the impermissible inference discussed above.

The Government, recognizing this fine line, asks the Court to "closely monitor the arguments and questions made by the Defendant in this regard." Gov.'s Reply at 6. The Court will take this approach and shall **DEFER RULING** on whether Defendant's gesturing to the Government's failure to call equally available witnesses as demonstrating a lack of proof is appropriate until the Defendant plans to make such arguments at trial.

### G. Referring to T.S. as "The Victim"

In a footnote in their opposition brief, Defendant asks that the Court preclude the Government from referring to T.S. as the "victim." Def.'s Opp'n at 2 n.1. At the status hearing on April 30, 2024, the Government indicated on the record that they do not object to this request. Accordingly, the Court will **GRANT** Defendant's request that the Government not refer to T.S. as the "victim" before the jury.

### IV. CONCLUSION

For the reasons set forth above, the Court shall **GRANT** the Government's request to preclude the Defendant from attempting to induce jury nullification.

The Court shall **GRANT** the Government's motion to preclude Defendant from

introducing evidence of or referring to T.S.'s civil lawsuit.

The Court shall **GRANT** the Government's motion insofar as they seek to preclude Defendant from introducing any improper character evidence, such as evidence of any good deeds, awards, commendations, or other specific good acts.  The Court shall **DEFER RULING** on whether Defendant can introduce evidence of his "experience as a police officer" to show his decision-making process and knowledge until the presentation of the evidence at trial, as Defendant has not provided sufficient information as to what this evidence entails and how it would be used.

The Court shall **GRANT** the Government's motion to introduce some of Defendant's out-of-court statements against him under Federal Rule of Evidence 801, subject to other evidentiary limitations.  The Court shall **DEFER RULING** on the issue of whether Defendant may be able to introduce other statements that would otherwise be hearsay through Rule 106.

The Court shall **DEFER RULING** on whether T.S.'s arrest, but not the nature of the arrest, can be introduced into evidence until the presentation of evidence at trial to better balance the probative value against the potential prejudice.

The Court shall **GRANT** the Government's motion to preclude Defendant from leading jurors to make any inference of unfavorable testimony as for equally available uncalled witnesses. However, the Court shall **DEFER RULING** on whether Defendant's gesturing to the Government's failure to call equally available witnesses as demonstrating a lack of proof is appropriate.

Finally, in their opposition brief, Defendant requested that the Court preclude the Government from referring to T.S. as "the victim."  The Government indicated that they are not opposed, and the Court will therefore **GRANT** Defendant's request.

Before any party makes reference to any of the aforementioned evidence or questions asked for which the Court deferred ruling, the party must bring their intention to the Court's attention for a ruling at that time.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge