UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> PHILIP DUPREE, <br><br> Defendant. | Criminal No. 22-275 (CKK) |

**MEMORANDUM OPINION**
(June 2, 2024)

Trial in this case is set to begin on June 3, 2024. On May 28, 2024, Defendant filed a [74] Pretrial Memorandum, in which he raised various issues that should have been filed as pretrial motions. Defendant argues that Count Two of the Indictment is not proper in this venue, as it should have been brought in the United States District Court for the District of Maryland. ECF No. 74 ("Def.'s Brief") at 2. The Court converted this into a motion and ordered supplemental briefing on the issue. *See* Minute Order, May 29, 2024. For the reasons that follow, and based on the record before it, the Court shall **DENY** Defendant's Motion to Dismiss Count Two of the Indictment for improper venue.

## I. BACKGROUND

Count Two of the Indictment charges Defendant Dupree with violating Section 1512(b)(3), which makes it a crime to "knowingly… engage[] in misleading conduct toward another person, with intent to… hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(b), (b)(3).

To prove this violation, the Government must show that the Defendant: (1) engaged or

1

attempted to engage in misleading conduct toward another person; (2) did so knowingly; (3) with the specific intent to hinder, delay or prevent the communication of information; and (4) that it was reasonably likely that the information would have been communicated to a federal law enforcement officer; and (5) that the information related to the commission or the possible commission of a federal offense. *See* Mem. Op., ECF No. 55 at 4 (citing *United States v. Sutton & Zabavsky*, Case No. 21-cr-598 (PLF), -- F. Supp. 3d --, 2023 WL 8472628, at *20 (D.D.C. Dec. 6, 2023); *United States v. Hawkins*, 185 F. Supp. 3d 114, 124 (D.D.C. 2016) (CKK)).

> The Indictment alleges that Defendant Dupree
>
> knowingly engaged in misleading conduct toward another person with intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of the federal offense charged in Count 1; that is, to hinder, delay, and prevent communication to the Federal Bureau of Investigation of information concerning Dupree's use of unreasonable force against T.S., Dupree knowingly and intentionally submitted a statement of probable cause, dated August 4, 2019, to a Maryland state commissioner that falsely reported the circumstances surrounding and justifying Dupree's use of pepper spray.

Indictment, ECF No. 1 ¶ 8. The Indictment also alleges that Defendant Dupree "was trained in and aware of an officer's duty not to use unreasonable or excessive force against a person under arrest in violation of the arrestee's Fourth Amendment right to be free from unreasonable searches and seizures." *Id.* ¶ 4.

Defendant previously filed a Motion to Dismiss Count Two, arguing that it should be dismissed for failure to state an offense as there is no federal nexus to support the charge under § 1512(b)(3). *See* ECF No. 35. The Court denied this Motion, holding that the Indictment sufficiently states an offense. *See* Order, ECF No. 54; Mem. Op., ECF No. 55. Presuming the allegations in the Indictment to be true, as is required at that stage, *United States v. Sunia*, 3 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (RBW), and based on the arguments presented to the Court, the

2

Court held that

> [w]hen Defendant Dupree, who was allegedly trained in and aware of use of force limits under the constitution, Indictment ¶ 2, allegedly violated T.S.'s constitutional rights by using pepper spray, *id.* ¶ 6, and then allegedly submitted a statement of probable cause to a Maryland state commissioner that falsely reported the circumstances surrounding this use of pepper spray, *id.* ¶ 8, it was reasonably likely that this information would be transferred to the FBI or other federal law enforcement officer. This likelihood was more than remote, outlandish, or hypothetical. Accordingly, as is all that is required, the Indictment includes enough context for Defendant Dupree to reasonably infer how his submission of the allegedly false probable cause statement could have impeded a future federal investigation.

Mem. Op., ECF No. 55, at 6–7 (citation omitted).

## II. DISCUSSION

Defendant now argues that Count Two should be dismissed due to improper venue. 18 U.S.C. § 1512(i) provides the proper venue for the charged offense. It states that "[a] prosecution under [section 1512]… may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred." 18 U.S.C. § 1512(i). This delineates two options: (1) where an official proceeding was intended to be affected; or (2) where the conduct constituting the alleged offense occurred.

The parties agree that the second option is not applicable here. The conduct constituting the alleged offense—the drafting of the probable cause statement, the swearing to the probable cause statement, and the presentation of the probable cause statement to a Maryland commissioner—all occurred in Maryland, not in the District of Columbia. Def.'s Brief at 4. The Government does not contest this in their response. *See* ECF No. 80 ("Gov.'s Resp."). Accordingly, as the charge was brought in the District of Columbia, the second option does not suffice to provide venue here.

The first option—"where the official proceeding (whether or not pending or about to be instituted) was intended to be affected"—is therefore the potentially operative venue provision. The Government contends that "the FBI's investigation, as well as the Grand Jury proceedings and these judicial proceedings, constitute official proceedings for the purposes of § 1512." Gov.'s Resp. at 2. They continue that "[t]he FBI investigation into the defendant's excessive use of force occurred in the District of Columbia and was based on the defendant's conduct that occurred in the District of Columbia" and therefore, "venue for Count Two of the indictment is properly laid here, the district in which the investigation the defendant intended to affect took place." *Id.* Likewise, the grand jury proceedings and these judicial proceedings have and are taking place in the District of Columbia. Defendant does not contest that these activities occurred in the District of Columbia. *See generally* Def.'s Brief; ECF No. 82 ("Def.'s Reply"). However, Defendant argues that the "official proceeding" venue provision is not applicable for various other reasons. *See* Def.'s Brief at 3–4.

First, Defendant argues that this provision is not applicable because the charged offense, 18 U.S.C. § 1512(b)(3), does not require an official proceeding. *Id.* at 3. Defendant is correct that Section 1512(b)(3) does not *require*, or is not *limited to*, instances affecting an official proceeding. *See United States v. Ring*, 628 F. Supp. 2d 195, 221 (D.D.C. 2009) (ESH) ("the case law interpreting 18 U.S.C. § 1512(b)(3) is clear that there need not have been any such nexus between [the defendant's communication] and any official proceeding"); *United States v. Ronda*, 455 F.3d 1273, 1288 (11th Cir. 2006) ("Unlike § 1512(b)(2), § 1512(b)(3) makes no mention of 'an official proceeding' and does not require that a defendant's misleading conduct relate in any way either to an 'official proceeding'…. There is simply no reason to believe that… we graft onto § 1512(b)(3) "an official proceeding" requirement based on statutory language in § 1512(b)(2) that does not

4

appear in § 1512(b)(3)."; *United States v. Veal*, 153 F.3d 1233, 1250 (11th Cir. 1998) ("[T]he jurisdictional basis under these subsections is not limited to 'official proceedings' as is the case with the remaining provisions of § 1512.").

However, that Section 1512(b)(3) does not *require* an official proceeding does not necessarily mean that if there *is* an official proceeding, Section 1512(b)(3) cannot be charged using that venue provision. In other words, the "official proceeding" venue provision of Section 1512(i) still applies to the offense of 1512(b)(3) despite its lacking an "official proceeding" as a substantive element of that crime.

In *United States v. Ramos*, the United States Court of Appeals for the Fifth Circuit examined the logic of the Second Circuit opinion *United States v. Gonzalez*. *See United States v. Ramos*, 537 F.3d 439, 463 n.17 (5th Cir. 2008) (citing *United States v. Gonzalez*, 922 F.2d 1044 (2d Cir. 1991)).[1] The *Ramos* court explained that the *Gonzalez* court "determined that the venue provision could not have been intended to narrow the reach of the substantive criminal subsection [1512(b)(3)]" even where the "venue provision… included the term 'official proceeding' in defining where a prosecution could be brought" but where "the substantive criminal subsection [1512(b)(3)] … contained no mention of an 'official proceeding.'" *Ramos*, 537 F.3d at 463 n.17 (citing *Gonzalez*, 922 F.2d at 1055–56). This logic applies here. So, too, does the Government's explanation: the venue provision of Section 1512(i) expressly applies to all sections of 18 U.S.C. § 1512, which includes Section 1512(b)(3), *see* Gov.'s Resp. at 3, and to read out one subsection for one part of the venue provision would be unreasonable. Accordingly, the Court finds that the

---

[1] The Fifth Circuit ultimately found that *Gonzalez* had "little applicability" for the specific issue before that court, which was whether an agency investigation constituted an "official proceeding." *Ramos*, 537 F.3d at 463 n.17. The Court will address this issue in the context of the instant case later.

absence of the language "official proceeding" in Section 1512(b)(3) does not mean that the "official proceeding" venue provision cannot legally apply.

Next, Defendant argues that an FBI investigation does not constitute an official proceeding. Def.'s Brief at 3–4.  The Government argues that it does.  Gov.'s Resp. at 2.  The term "official proceeding" in Section 1512 is defined in Section 1515 to include "a proceeding before a Federal Government agency which is authorized by law…." 18 U.S.C. § 1515(a)(1)(C).  Courts in this district have routinely held that an FBI investigation does not constitute "a proceeding before a Federal Government agency which is authorized by law." *United States v. Sandlin*, No. 21-cr-88-DLF, 2021 WL 5865006, at *3 (D.D.C. Dec. 10, 2021) ("[N]either FBI investigations… nor internal agency investigations… qualify as 'official proceedings.'  They are not formal hearings conducted before official bodies.") (citations omitted); *United States v. Puma*, No. 21-cr-454 (PLF), 2022 WL 823079, at *6 (D.D.C. Mar. 19, 2022) ("[A] number of decisions have construed the phrase 'a proceeding before a Federal Government agency which is authorized by law' in Section 1515(a)(1)(C) to refer to something more than law enforcement investigative activities…."). Accordingly, the Court agrees with Defendant that an FBI investigation is not an "official proceeding" for the purposes of the venue provision,

However, Section 1515 also defines an "official proceeding" to include "a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury…." 18 U.S.C. § 1515(a)(1)(A).  The Government argues that "the Grand Jury proceedings and these judicial proceedings[] constitute official proceedings for the purposes of § 1512." Gov.'s Resp. at 2.  It is clear that these proceedings are "official proceedings" under Section 1512.  Accordingly, there is a legally

6

cognizable path for venue here in the District of Columbia.

However, the Court finds that a jury question remains. "Venue is a jury question only if the defendant objects to venue prior to or at the close of the prosecution's case-in-chief, there is a genuine issue of material fact with regard to proper venue, and the defendant timely requests a jury instruction." *United States v. Sitzmann*, 74 F. Supp. 3d 96, 111 (D.D.C. 2014) (PLF) (cleaned up). Here, Defendant has made a timely objection, *see generally* Def.'s Brief, and request for a jury instruction, *see* ECF No. 65 at 71, 77 n.10, and the Court finds that there is a genuine issue of material fact with regard to proper venue.

The jury has to decide the factual question of whether there was an "official proceeding (whether or not pending or about to be instituted) [] intended to be affected" by Defendant Dupree. *See* 18 U.S.C. § 1512(i). This would require a jury to determine whether it was reasonably likely that Defendant Dupree's allegedly falsified probable cause statement would be transferred to a federal law enforcement officer so as to affect grand jury proceedings or the instant judicial proceedings in the District of Columbia. Assuming that the Government can establish at trial that a proceeding before a federal judge or a grand jury proceeding was intended to be affected, venue is met under the "official proceeding" provision of Section 1512(i).

### III. CONCLUSION

For the reasons set forth above and based on the record before it, the Court shall **DENY** Defendant's Motion to Dismiss Count Two of the Indictment for improper venue. An appropriate Order will accompany this Memorandum Opinion.

                                         /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge