UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PHILIP DUPREE,<br><br>Defendant. | Criminal No. 22-275 (CKK) |

**MEMORANDUM OPINION**
(June 6, 2024)

The Court received an email from Defendant on June 3, 2024 regarding the admission of radio run communications in this case; the Court has converted this request to a motion. The Court requested two rounds of additional briefing. All pertinent email communications with the parties are attached to this Order.

Defendant seeks to admit four statements from radio run communications relating to the traffic stop of T.S.: (1) Dispatch's notification of T.S.'s "prior;" (2) Defendant Dupree's notification that he initiated a traffic stop on T.S. and the provision of T.S.'s license plate to Dispatch; (3) Defendant's notification that he needed backup; and (4) Defendant's notification of pepper spray deployment and need for medical attention. Defendant also indicates that some of the communications "capture[] Mr. Sinclair screaming in the background." The Government opposes the introduction of the radio run communications entirely, while Defendant argues that the radio run communications should be admissible as present sense impressions or to show the effect on the listener. The Court will now address each of the four statements in turn.

**I.     Dispatch's Notification of T.S.'s Prior**

Defendant argues that "[d]ispatch's notification of a prior criminal contact for Mr. Sinclair

1

is offered to show its effect on Officer Dupree, as well as[] his state of mind when dealing with Mr. Sinclair." The Government agrees in their response that the radio run communications would be admissible for that purpose, but only if Defendant testifies.

The Court finds that this portion of the radio run communications is admissible if offered not for the truth of the matter asserted, but only to show the effect on Defendant Dupree. *See* Fed. R. Evid. 801(c); *see also Jones v. United States*, 934 F. Supp. 2d 284, 290 (D.D.C. 2013) (EGS) (statements that were offered "to establish that certain statements were made and their effect on the listener" were offered for a non-hearsay purpose). Furthermore, neither Defendant Dupree[1] nor the declarant have to testify for the communications to be admissible. "The out-of-court statement can be admitted without the declarant appearing at trial, through some other means such as a witness who heard the statement, a *recording*, or document." 30B Charles Alan Wright, *et al.*, Federal Practice and Procedure § 6719 (2023 ed.) (emphasis added). That recording "can then be tested in court to determine whether the statement was, in fact, uttered—the key question for assessing the evidence with respect to the effect-on-the-listener purpose for which it is offered.… [R]ecordings and documents must be shown to be authentic." *Id.* So long as Defendant can satisfy other threshold evidentiary requirements—for example, the radio run communication's authenticity, *see* Fed. R. Evid. 901, and the witness's personal knowledge requirement, *see* Fed. R. Evid. 602—this would be admissible for the purpose of effect on the listener.

Still, the Court reminds Defendant that it has deferred ruling on whether it would allow introduction of this evidence subject to future balancing under Federal Rule of Evidence 403. *See* Mem. Op., ECF No. 76, at 11–12. Before making any reference to this communication, Defendant

---

[1] In a prior email to the parties discussing this issue, the Court erroneously stated that Defendant Dupree would have to testify for such evidence to be admissible.

should notify the Court for a ruling at that time. *Id.* at 15. The Court also reminds Defendant that the nature of the arrest (i.e., that it was for burglary) would not be allowed, *id.* at 12; Defendant acknowledged this via email, stating that he would redact the radio run to remove any such references.

II. **Defendant's Notification that he Initiated a Traffic Stop and Provided T.S.'s License Plate to Dispatch**

Defendant next argues that Defendant's notification that he initiated a traffic stop on T.S. and provided T.S.'s license plate to Dispatch should be admissible as a present sense impression.

Under Federal Rule of Evidence 803, "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it," is not excluded by hearsay "regardless of whether the declarant is available as a witness." Fed. R. Evid. 803(1). The advisory committee notes explain that "[t]he underlying theory of [this exception] is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." Fed. R. Evid. 803(1) advisory committee's note. The subject matter of any statement under the present sense impression exception is limited "to description or explanation of the event or condition, the assumption being that spontaneity, in the absence of a startling event, may extend no farther." *Id.*; *see also Navarette v. California*, 572 U.S. 393, 400 (2014) (internal quotations omitted) (explaining that the exception is grounded in the idea that "statements about an event and made soon after perceiving that event are especially trustworthy because substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation."). Altogether, the statement must describe or explain an event or condition, which the declarant perceived firsthand, which was made contemporaneously—either during or immediately thereafter the event or condition. *United States v. Wills*, Case No. 18-0117 (PLF),

3

2018 WL 6716096, at *4 (D.D.C. Dec. 21, 2018).[2] These elements must be proven by the movant by a preponderance of the evidence. *See Gilmore v. Palestinian Interim Self-Gov't Auth.*, 53 F. Supp. 3d 191, 201 (D.D.C. 2014) (GK).

As for the statements at issue here, the transcript reflects the following conversation:

> Dupree: This is Fairmount Heights 4.
> Dispatch 1: Fairmount Heights 4.
> Dupree: I got a traffic stop for you when you're ready.
> Dispatch 1: Go ahead.
> Dupree: You can make it, uh, Eastern and Sheriff. It's going to be on a DC tag of, uh, Tom – Ocean – Union – Charles – Henry – Edward – Number 1, displayed on a white Chrysler 300 [unintelligible].

The Court finds that Defendant Dupree's statements above are a sufficient "description or explanation of the event or condition"—that being the traffic stop he was initiating, his location, and T.S.'s license plate number. *Cf. Flythe v. District of Columbia*, 4 F. Supp. 3d 222, 234 (D.D.C. 2014) (RC) (finding that the present sense impression exception was satisfied by an officer's statement to Dispatch that he was on the "[f]our hundred block of Kenyon.").

Defendant claims that these statements were "made in real time while the events were occurring." The timestamps in the Report of Internal Investigation are noted as elapsed radio run time. The statements in this call spanned from 00:00 to 00:24—in other words, the beginning of the radio run communications. The present sense impression exception emphasizes "substantial contemporaneity," but also recognizes "that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable." Fed. R. Evid. 803 advisory committee's note. The Court finds that there was contemporaneity between the events that transpired and Defendant Dupree's statements and, at most, a slight lapse. For example, Defendant

---

[2] The Court notes that in their initial response email, the Government cited to case law related to the excited utterance exception, which is a different exception under Rule 803 that requires different elements and is inapplicable here. *See* Fed. R. Evid. 803(2).

4

was reading the license plate as he perceived it.

The Government, in their response, admitted that whether these statements satisfied the exception was a "closer call[]." The Court concludes that these statements can be admitted as present sense impressions.

### III.     Defendant's Notification that he Needed Backup

Defendant argues that the present sense impression should also apply for Defendant's notification that he needed backup.

The transcript reflects the following conversation:

> Dupree: This is Fairmount Heights 4.
> Dispatch 1: Go ahead.
> Dupree: [Unintelligible] unit [unintelligible].
> Dispatch 1: Unit to back Fairmount Heights for Eastern and Sheriff.

The Court finds that Defendant Dupree's statements are not a "description or explanation of the event or condition." Notwithstanding the unintelligible nature of Defendant's statements, asking for backup officers to arrive on the scene is not a description of an event, but rather, a request. Defendant Dupree's statement lacks the description or explanation element that is part of other law enforcement officers' statements deemed to have satisfied the present sense impression exception. *See, e.g.*, *Flythe*, 4 F. Supp. 3d at 234 (finding that the present sense impression exception was satisfied by an officer's statements telling Dispatch that the arrestee *"[t]ried to stab me, ma'am. My gun jammed.* Get official on this location.") (emphasis added).

The Court therefore holds that these statements therefore cannot be admitted under the present sense impression exception to hearsay.

### IV.     Defendant's Notification of OC Deployment and Need for 'Fireboard' (EMS)

Finally, Defendant argues that Defendant Dupree's notification of OC deployment and need for fireboard is also a present sense impression.

5

The Government contends that this portion of the communication does not describe or explain an event or condition, as is required. *See* Fed. R. Evid. 803(1). They state that the statement does not "describe anything about the pepper spray incident at all." Per the transcript, the conversation was as follows:

> Dupree: Fairmount Heights 4.
> Dispatch 2: Uh, D3, do you copy?
> Dispatch 1: [Unintelligible].
> Dispatch 2: And, I'm sorry, the last [unintelligible] that was came up, try it again. Fairmount Heights 4, was that you?
> Dupree: [Unintelligible] Fireboard [unintelligible] OC deployment.
> Dispatch 2: Copy, OC deployment.

The Court finds that these statements do not convey a "description or explanation of the event or condition." Considering the intelligible portions of these communications, requesting fireboard for OC deployment would not constitute a description of an event, but rather, a request, and would fail for the same reasons as explained above. To the extent Defendant might have conveyed an explanation of events, to consider such would be speculative. Therefore, Defendant Dupree's statements fall far short of the kind of statements that courts in this jurisdiction have found to satisfy the exception. *See, e.g.*, *Flythe*, 4 F. Supp. 3d at 234 (finding that the present sense impression exception was satisfied by an officer's statements to Dispatch that he was on the "[f]our hundred block of Kenyon," telling the arrestee to "[d]rop the knife," and telling Dispatch that the arrestee "[t]ried to stab me, ma'am. My gun jammed. Get official on this location."); *Buruca v. District of Columbia*, 902 F. Supp. 2d 75, 81 & 81 n.2 (D.D.C. 2012) (RC) (finding that "911 calls indicating that [defendant] was firing gunshots in front of the Shell station" would satisfy present sense impression exception); *Wills*, 2018 WL 6716096, at *3 (finding that witness's statements "He threw it in the bushes. I was sitting there watching. He threw it to the right. Don't talk to me" satisfies present sense impression exception).

The Court will briefly address the issue of contemporaneity, although unnecessary, as it has already found that these statements do not satisfy the exception. As previously discussed, "a slight lapse [in time] is allowable" between the described event and the statement itself. Fed. R. Evid. 803 advisory committee's note. This lapse must be assessed on a case-by-case basis. In this jurisdiction, fifteen minutes is too long, *Hilyer v. Howat Concrete Co.*, 578 F.2d 422, 426 n.7 (D.C. Cir. 1978), while three minutes does satisfy the contemporaneity requirement, *Wills*, 2018 WL 6716096, at *5.

According to the Government, "there is no indication from the Defendant about the amount of time that passed between the pepper spray incident and the Defendant's call to Dispatch." The Court agrees. After requesting additional briefing on this issue, Defendant has failed to satisfy his burden of proving this element by a preponderance of the evidence. *See Gilmore*, 53 F. Supp. at 201. Defendant provides a time for the Dispatch communication with Defendant following the deployment of pepper spray (2:01:57), but does not provide time for when the pepper spray was in fact deployed. Without knowing how much time passed in between the event and Defendant Dupree's statement on the radio run communications, the Court cannot properly assess the lapse in this case.

The Court holds that Defendant cannot admit this portion of the radio run communication under the present sense impression exception.

Defendant also suggests that this portion of the radio run communications could be admissible for other purposes. As relevant background, Corporal Buie previously testified to the grand jury that it was he, not Defendant Dupree, who called for EMS. However, Defendant indicated to the Court on June 5, 2024 that Corporal Buie has since acknowledged he was mistaken and that he would now testify that it was Defendant Dupree who called for EMS. In his motion,

7

Defendant had requested to admit this portion of the radio run communications for the non-hearsay purpose of showing that it was Defendant Dupree who requested EMS, not for the truth of the matter asserted. He argued that "[t]his purpose is essential given that the Government… claimed that… Corporal Buie summoned EMS," not Defendant Dupree. Given the apparent change in Corporal Buie's testimony, which makes the issue no longer in dispute, this purpose would no longer be "essential." To the extent that this information will already be presented to the jury, the admission of the radio run communications for this purpose may not be necessary, as "the receipt of further cumulative evidence in a criminal trial lies within the sound discretion of the trial judge." *Levin v. United States*, 338 F.2d 265, 273 n.13 (D.C. Cir. 1964). However, should the Government present testimony to the contrary—i.e., that Defendant Dupree did *not* seek radio Dispatch and medical attention for T.S.—then the radio run communications could be admissible for the aforementioned non-hearsay purpose, as well as for impeachment.

Finally, Defendant explains that during this portion of the radio run communications, T.S. is yelling in the background in response to the pepper spray deployment. T.S.'s words are not decipherable and Defendant would not be identifying the yelling in the background. Defendant argues that for these reasons, and because this time period is also captured on body-worn camera video that Government is seeking to admit, in which the jury would be able to hear T.S.'s yells more clearly, there is no prejudice to admit the radio run on these grounds. Based on the record before it, the Court agrees that the background audio that includes T.S.'s yelling does not present substantial unfair prejudice should the statement be otherwise properly admitted.

\* \* \*

In sum, the Court finds that Dispatch's notification of T.S.'s prior would be admissible if offered not for the truth of the matter asserted, but only to show the effect on Defendant Dupree,

8

regardless of whether Defendant Dupree testifies; however, the Court has deferred ruling on whether this would be admissible under Federal Rule of Evidence 403.  Defendant's notification to Dispatch that he was initiating a traffic stop and his provision of T.S.'s license can be admitted as a present sense impression.  Defendant's notification to Dispatch that he needed backup, as well as his notification to Dispatch of pepper spray deployment and need for medical attention are not admissible under the present sense impression exception.  Defendant's notification regarding pepper spray deployment and need for medical attention may be admissible for the non-hearsay purpose of showing that Defendant called for medical attention or for impeachment, but only if the Government provides evidence to the contrary.

    An appropriate Order accompanies this Memorandum Opinion.

                                                      /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge